762 November 13, 2025 No. 974

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PETER SAMOILOV,
*Defendant-Appellant.*

Clackamas County Circuit Court
20CR00764; A179742

Heather Karabeika, Judge.

Argued and submitted July 31, 2024.

Jason E. Thompson argued the cause for appellant. Also on the brief was Thompson Law, LLC.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal case, defendant appeals from a judgment of conviction for fourth-degree assault constituting domestic violence for acts committed during an altercation with his wife, AS. In a single assignment of error, defendant contends that the trial court erred in failing to instruct the jury with the "witness false in part" instruction. We conclude that the trial court did not err in declining to give the instruction because there is insufficient evidence to support a jury determination that AS consciously testified falsely. Instead of evidence giving rise to a reasonable inference that the witness consciously lied, this is a case where the witness had a "hazy recollection" or made an "honest mistake" about exactly what happened at each point in the altercation. Accordingly, we affirm.

Because the parties are familiar with the factual background, we set forth only a brief recitation of the undisputed procedural facts for this nonprecedential memorandum opinion. Defendant was charged with eight counts arising from an incident in which defendant arrived home from a trip and he and AS ended up in a physical altercation, resulting in injuries to AS. At trial, both AS and defendant testified to conflicting versions of events, and defendant claimed that he acted in self-defense. Defendant requested the witness-false-in-part jury instruction, which provides that "a witness false in one part of the testimony of the witness may be distrusted in others." ORS 10.095(3). Defendant argued that AS testified falsely, pointing to the inconsistencies between her testimony at trial and her grand jury testimony and the testimony of Deputy Krause, whom AS spoke to following the incident. The trial court denied defendant's request, acknowledging that there were inconsistencies in AS's testimony, which called her credibility into question, but reasoning that it did not rise to the level of consciously lying. After the close of evidence, defendant renewed his request for the witness-false-in-part instruction and did not make any additional arguments. The trial court once again denied the request. The jury found defendant guilty of fourth-degree assault constituting domestic violence and acquitted him of all other counts.

On appeal, defendant argues that the trial court erred in declining to give the witness-false-in-part instruction. Defendant points to four instances where he claims that AS gave false testimony. First, AS testified that, when she woke up after defendant knocked her unconscious, she did not know where defendant was, and she took the children upstairs. However, AS later testified that defendant was asleep on the couch when she woke up. Krause also testified that AS told him that defendant was on the couch. Second, AS testified that, after she woke up, she went downstairs and began making bottles for the children. AS explained that she told Krause that she made a bottle, but Krause testified that she did not mention anything about a bottle. Third, AS initially testified that defendant hit her three times after the knife landed on the couch but later testified that it was approximately 10 times. Fourth, Krause testified that AS told him that she punched defendant and knocked him down at the end of their fight, and then ran upstairs. However, AS testified that she hit defendant in the face and then ran out the front door. Relying on those four inconsistencies, defendant contends that the trial court erred because there is sufficient evidence to support a jury determination that AS consciously testified falsely about the events in question and that her false testimony concerned a material issue—*viz.*, the cause of her injuries.

We conclude that the trial court did not err by declining to give the witness-false-in-part jury instruction. To assess defendant's argument on appeal, our inquiry is "whether the testimony and evidence, viewed in the light most favorable to defendant, is legally sufficient to support a finding that at least one witness testified falsely and, if so, whether that false testimony concerned a material issue." *State v. Kinstler*, 307 Or App 517, 521, 478 P3d 595 (2020). In making that determination, we focus on "the testimony and evidence identified by defendant as supporting the instruction." *Id.*

We agree with defendant's argument that AS's testimony contained inconsistencies, and that AS and defendant disagreed on various details of the altercation. However, even assuming that the testimony defendant highlights on

appeal concerns a material issue, those inconsistencies do not demonstrate that the trial court committed reversible error. That is, the inconsistencies—even when viewed in the light most favorable to defendant—do not amount to more than an "honest mistake, confusion, or hazy recollection," which is insufficient. *See State v. Payne*, 366 Or 588, 608, 468 P3d 445 (2020); *see also Kinstler*, 307 Or App at 523-24 (noting that the instruction is not required when "discrepancies, even when viewed in the light most favorable to defendant, are of the type that suggest lapses in memory, differences in perspective, and, at worst, an example of a witness's selective choice of words to downplay [the witness's] potential role"). The incident was a stressful and emotional situation that occurred approximately three years before the trial. The inconsistencies in AS's own testimony and in what she told Krause following the incident—which relate to details regarding the sequence of events and defendant's whereabouts throughout the incident—are of the type that suggest a "hazy recollection" or an "honest mistake" about exactly what happened at each point in the altercation, and therefore, do not give rise to a reasonable inference that AS consciously lied. *See State v. Gocan*, 315 Or App 222, 230, 500 P3d 85 (2021), *rev den*, 369 Or 211 (2022) (concluding that there was no evidentiary basis for a reasonable juror to infer that a witness falsely testified, as opposed to made a mistake, and observing that making a mistake in testimony "is not the equivalent of consciously testifying falsely that would make the delivery of the witness-false-in-part instruction proper").

Moreover, because defense counsel's cross-examination of AS skipped around to different parts of the incident, the inconsistencies in AS's testimony about when defendant was on the couch or when AS went upstairs do not suggest that she was testifying falsely; rather, the inconsistencies cannot be viewed under the circumstances as anything other than AS being confused or misunderstanding the questions. *See id.* (concluding that testimony on cross-examination was an example of the witness "answering without understanding the question or making a mistake in her testimony"). Therefore, we conclude that, when looking at the evidence in the light most favorable to defendant, there is insufficient evidence to support an inference that

AS testified falsely. Accordingly, the trial court did not err in declining to give the witness-false-in-part instruction.

Affirmed.